United States District Court
for the
Southern District of Florida

| Wade D. Pounds, Plaintiff, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | Civil Action No. 19-cv-20743-Civ-Scola |
|  | ) |  |
| Teresita Dieguez and others, | ) |  |
| Defendants. | ) |  |

### **Order Adopting Magistrate's Report and Recommendation**

This § 1983 case was referred to United States Magistrate Judge Lisette M. Reid for a ruling on all pre-trial, nondispositive matters, and for a report and recommendation on any dispositive matters. On June 7, 2019, Judge Reid issued her report and recommendation after screening pro se prisoner Plaintiff Wade D. Pounds's *in forma pauperis* complaint under 28 U.S.C. § 1915. (ECF No. 12.) Pounds has not objected to Judge Reid's report and the time to do so has passed. After careful review, the Court **adopts** Judge Reid's report and recommendation (**ECF No. 6**).

In his complaint, Pounds alleges Defendants Dr. Teresita Dieguez and Dr. Oscar Ortega were deliberately indifferent to his serious medical needs. He also maintains Defendants Health Services Director Janine Hills and Secretary of the Florida Department of Corrections Mark S. Inch are both liable for Drs. Dieguez and Ortega's acts on the basis of their supervisory roles. Upon her § 1915 review of Pounds's complaint, Judge Reid determined that Pounds fails to state a claim under either theory.

Regarding his deliberate indifference claim, Pounds fails to set forth facts establishing that Drs. Dieguez and Ortega were deliberately indifferent to Pounds's medical condition: at best, Pounds has described a simple difference in medical opinion. He has not set forth any facts showing that either doctor acted with malice.

Pounds has also not set forth sufficient facts to support a finding that either Hills or Inch was deliberately indifferent or that either was in any way aware that their subordinates would act unlawfully. The complaint contains no facts showing that either Defendant specifically directed or otherwise maintained a policy resulting in unconstitutional acts.

Because Pounds has not stated a claim, his request to impose punitive damages also fails. Additionally, the Court denies Pounds's requests for injunctive and declaratory relief: as explained by Judge Reid, Pounds has failed to sufficiently set forth a prima facie case establishing his entitlement to either.

Accordingly, the Court agrees with Judge Reid's assessment in its entirety, **adopting** her report and recommendation (**ECF No. 6**) in full. Consequently, the Court dismisses Pounds's complaint for his failure to state a claim upon which relief can be granted; and denies Pounds's request for injunctive and declaratory relief, both **without prejudice**.

Although the Court has dismissed Pounds's complaint, it nonetheless affords him the opportunity to file an amended complaint in the event he believes he can cure the deficiencies referenced, generally, above and more specifically described in Judge Reid's report. To be considered by the Court, Pounds must file his amended complaint on or before **July 9, 2019**.

In the meantime, the Clerk is directed to **close** this case. In the event Pounds files an amended complaint that sufficiently states a claim upon which relief may be granted, the Court will reopen this case.

Any pending motions are **denied as moot**.

**Done and ordered** in chambers, at Miami, Florida, on June 24, 2019.

_____
Robert N. Scola, Jr.
United States District Judge