UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20743-CV-SCOLA
MAGISTRATE JUDGE REID

WADE D. POUNDS,

     Plaintiff,

v.

DR. TERESITA DIEGUEZ, et al.,

     Defendants.

_____/

**REPORT OF MAGISTRATE JUDGE**
**RE AMENDED CIVIL RIGHTS COMPLAINT-42 U.S.C. § 1983**
**[ECF 8]**

### I. Introduction

    Plaintiff, **Wade D. Pounds,** a convicted felon, has filed an amended civil rights complaint, pursuant to 42 U.S.C. § 1983, arising from a claim of deliberate indifference to a serious medical need since his arrival at Everglades Correctional Institution ("Everglades CI") in April 2015. [ECF 8]. The plaintiff sues the following Defendants: (1) Dr. Teresita Dieguez, M.D. ("Dr. Dieguez"), (2) Dr. Oscar Ortega, M.D. ("Dr. Ortega"), and (3) Dr. Rosalind Ajoku ("Dr. Ajoku"), all in their individual capacity. The defendants work at Everglades Correctional Institution ("Everglades CI"), as employees of Centurion, which manages the healthcare for that facility. [*Id.,* p. 2].

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-02.

Plaintiff has previously been granted *in forma pauperis* ("IFP") status [ECF 5] and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP"). Because Plaintiff is also a prisoner, seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. § 1915A; *Thompson v. Hicks,* 213 F. App'x 939, 942 (11th Cir. 2007)(*per curiam*).

## II. Factual Allegations

In the amended complaint, Plaintiff states he has been hypertensive for the past 20 years and receives medical care and treatment for this condition. [ECF 8, p. 3]. From 2015 to the present, Plaintiff alleges he has repeatedly complained to the named Defendants about chronic disturbing problems with digestion, abnormal bowel and gas movements, shortness of breath, abdominal pain, and shocks. [*Id.*, p. 5]. In March 2015, an ultrasound of his abdomen was conducted to address Plaintiff's complaints. [*Id.*, p. 3]. The ultrasound report revealed the gallbladder was

2

"mildly enlarged" and "severely contracted," and diagnosed "focal abdominal aortic ectasia without evidence for aneurysm." [ECF 1 Ex. A, p. 12]. Plaintiff claims the report shows that he has a "bulge" in his abdominal aorta, and that the walls of the abdominal aorta have lost elasticity, which could be confirmation of an actual aortic dissection resulting from infection, hypertension, or arthrosclerosis. [ECF pp. 3-4]. Plaintiff alleges that his medical history, together with the ultrasound findings confirms that the abdominal "bulge" poses a serious risk to Plaintiff's health. [*Id.*, p. 4]. After submitting a stool sample in December 2015, which tested positive for the presence of blood, Dr. Ortega requested Plaintiff be examined by a gastroenterologist. [*Id.,* pp. 5; 34].

Plaintiff alleges Dr. Dieguez was deliberately indifferent to Plaintiff's serious medical needs, cancelling Dr. Ortega's referral request, knowing Plaintiff's medical history spanning over four years, in which Plaintiff has complained of chronic pain, digestive issues, and discomfort in the abdominal area. [*Id.*, pp. 5-6]. Review of the referral form, however, reveals Dr. Dieguez's notation "Cancel by CHO." [*Id.,* p. 34].

He alleges Dr. Ortega was deliberately indifferent to Plaintiff's serious medical needs because he refused to submit another referral for Plaintiff to be examined by a gastroenterologist, following Dr. Ortega's cancellation and Plaintiff's continued chronic complaints of pain and abdominal discomfort. [*Id.,* pp. 7-8].

Plaintiff alleges Dr. Ajoku was also deliberately indifferent to Plaintiff's serious medical needs by failing to provide Plaintiff treatment for his abdominal condition, chronic pain and discomfort. [*Id.,* pp. 6-8]. Plaintiff has filed grievances, seeking reinstatement and approval of the referral or a re-referral and approval for him to be examined by a gastroenterologist. [*Id.*; pp. 6-8].

He seeks compensatory and punitive damages. [*Id.,* p. 8].

### III. Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018). Pursuant to § 1915A, a case is also subject to dismissal where a plaintiff seeks redress from the government if the complaint fails to state a claim on which relief may be granted. *Id.*

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light to the plaintiff. *See Maps v. Miami Dade State Attorney,* 693 F. App'x 784, 785 (11th Cir. 2018)(*per curiam*). Complaints filed by *pro se* prisoners are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner,* 404 U.S. 519, 520 (1972)(*per curiam*).

4

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018)(citing *Waldman v. Conway,* 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id*.

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)(*per curiam*)(quotation omitted). Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." *Id.* at 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(quotation omitted)(ellipses in original). Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"Precedent also teaches, however, that a court, of course, should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one." *Sims v. Hastings,* 375 F.Supp.2d 715, 718 (N.D. Ill. 2005)(citing *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001). A district court may not rewrite a pleading to include claims that were never presented. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999). The court may also not construct a litigant's legal

arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993); or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). When read liberally, a *pro se* pleadings "should be interpreted 'to raise the strongest arguments that [it] suggest[s]." *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996)(quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994)).

## IV. Discussion

### A. Deliberate Indifference Re Serious Medical Need

The plaintiff alleges that Dr. Dieguez, Dr. Ortega, and Dr. Ajoku were deliberately indifferent to his serious medical needs because Dr. Dieguez cancelled Dr. Ortega's request that Plaintiff be examined by a gastroenterologist, and Drs. Ortega and Dieguez provided inadequate treatment or otherwise failed to properly follow-up on the findings in the 2015 ultrasound. He maintains Dr. Ortega's medical management of his physical complaints is inappropriate and has put plaintiff at risk for further, more severe complications. In conclusory fashion, he suggests the named doctors have acted with "malice" The plaintiff fails to state a deliberate indifference claim upon which relief can be granted.

1. Standard Re Deliberate Indifference Claim

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison. *Farmer v.*

*Brennan,* 511 U.S. 825, 832 (1994). The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976).

To prevail on an Eighth Amendment deliberate indifference claim against a prison doctor, the Plaintiff must demonstrate: (1) an objective component by showing he has a serious medical need; (2) a subjective component, by showing the prison official acted with deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *See Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1306-07 (11th Cir. 2009).

Negligence in diagnosing or treating a medical condition, including "an inadvertent failure to provide adequate medical care," does not state a valid claim for deliberate indifference. *See Estelle v. Gamble,* 429 U.S. at 105-06. "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" likewise does not support a deliberate indifference claim. *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991).

The Eleventh Circuit has instructed that, claims based on a delay in medical care, courts should consider "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert v. Lee Cty.,* 510 F.3d 1312, 1327 (11th Cir. 2007). Moreover, for a delay in medical

treatment to rise to the level of a constitutional violation, the Plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment. . .." *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1188 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer,* 536 U.S. 730 (2002).

2. Objective Component - Serious Medical Need

The objective component requires Plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Hudson v. McMillian,* 503 U.S. 1, 8-9 (1992). "[A] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Center,* 40 F.3d 1176, 1187 (1994)(citations omitted), *overruled in part on other grounds, Hope v. Pelzer,* 536 U.S. 730, 739 n.9 (2002); *Andujar v. Rodriguez,* 486 F.3d 1199, 1203 (11th Cir. 2007). "[T]he medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003)(quotation marks and citations omitted).

The plaintiff alleges chronic, on-going abdominal pain and discomfort and that the ultrasound results confirm he is suffering from abdominal issues, as well as problems with his gallbladder. [ECF 8, pp. 1-8]. Plaintiff explains that failure to

follow-up and treat these conditions may prove life threatening. [*Id.*]. Given the foregoing facts, it appears Plaintiff has serious medical issues, as evidenced by the ultrasound findings. However, this court must next determine the subjective component of a deliberate indifference claim.

3. <u>Subjective Component - Serious Medical Need</u>

Under the subjective component, the prisoner must establish: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004); *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. *Hill v. Dekalb Reg'l Youth Det. Center,* 40 F.3d at 1190 n. 26; *H. C. by Hewett v. Jarrad,* 786 F.2d 1080, 1086 (11th Cir. 1986)(citing *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 704 (11th Cir. 1985)).

*Dr. Dieguez.* Plaintiff alleges that Dr. Dieguez overruled Dr. Ortega, cancelling a referral request for Plaintiff to be examined by a gastroenterologist.[*Id.*]. Response to grievances attached to the plaintiff's complaint confirm abdominal pain protocol were followed since 2015. [*Id.,* pp. 22, 26, 28, 30, 32]. In denying his administrative remedy or appeal, it was noted that on July 13, 2018, Plaintiff was seen for complaints of constipation, had medication prescribed for this issue, and that "additional testing is being reviewed for referral." [ECF 8, p. 37]. Plaintiff

suggests the denial of his referral has resulted in prolonging his abdominal pain without proper diagnosis and treatment. The plaintiff's claim that Dr. Dieguez' action in cancelling the referral amounts to deliberate indifference fails; however, a difference in medical opinion between the prison medical staff and the Plaintiff does not support a claim of cruel and unusual punishment. *See Harris v. Thigpen,* 941 F.2d 1495, 505 (11th Cir. 1991).

*Dr. Ortega.* The plaintiff alleges the doctor has failed to provide him with proper medical care and treatment. He claims Dr. Ortega has refused to submit a re-referral or have the original referral reinstated so that Plaintiff could be seen by a gastroenterologist. He suggests the treatment given over the past several years is so cursory so as to constitute no treatment at all. Plaintiff fails to demonstrate deliberate indifference as to Dr. Ortega. Whether Dr. Ortega failed to ask for additional diagnostic techniques or forms of treatment is a classic example of a matter for "medical judgment" and does not provided a basis for Eighth Amendment liability. *See Adams v. Poag,* 61 F.3d 1537, 1545 (11th Cir. 1995)(quoting *Estelle,* 429 U.S. at 107)).

*Dr. Ajoku.* Plaintiff alleges in conclusory fashion that Dr. Ajoku was deliberately indifferent to his serious medical needs because the doctor failed to treat his medical conditions. The amended complaint fails to contain sufficient facts to support a claim of deliberate indifference against Dr. Ajoku.

4. <u>Conclusion</u>

The plaintiff fails to establish that Dr. Ortega, Dr. Dieguez, and Dr. Ajoku were deliberately indifferent to his medical conditions. Construed liberally, the plaintiff has stated, at best, a simple difference in medical opinion. He acknowledges that he had been examined and treated by Dr. Ortega, and has been prescribed medication for his conditions, although his condition appears to be chronic. His allegations of malice are not supported by specific facts other than the fact that his condition does not appear to have been cured. Therefore, the deliberate indifference claim should be dismissed as to the three named defendants on the basis that Plaintiff has failed to state a claim upon which relief can be granted.

## B. Punitive Damages Claim

The plaintiff seeks punitive damages against Dr. Dieguez, Dr. Ortega, and Dr. Ajoku. [ECF 8, p. 8]. Punitive damages may be awarded under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983). "While the *Smith* Court determined that it was unnecessary to show actual malice to qualify for a punitive award, ... its intent standard, at a minimum, required recklessness in its subjective form." *Kolstad v. American Dental Ass'n,* 527 U.S. 526 (1999). *Smith* refers to a "subjective consciousness" of a risk of injury or illegality and a "criminal indifference to civil

obligations." *Smith,* 461 U.S. at 45-48 (quoting *Philadelphia, W. & B.R. Co. v. Quigley,* 62 U.S. 202, 214 (1858)).

The plaintiff's unsupported allegations that the three defendants acted with malice are insufficient to permit a claim of punitive damages to proceed. In any event, the plaintiff has not shown a constitutional violation, therefore his punitive damages claim cannot proceed.

### V. Recommendations

Based upon the foregoing, it is recommended that:

1.  The amended complaint [ECF 8] be DISMISSED for failure to state a claim upon which relief can be granted under § 1915(e); and,

2.  The case CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar a party from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 22nd day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     Wade D. Pounds, Pro Se
        DC#448826
        Everglades Correctional Institution
        Inmate Mail/Parcels
        1599 S.W. 187th Avenue
        Miami, FL  33194